IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARVIN L BISHOP, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:18-CV-163 |
| § | |
| KEITH A. OLSEN, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT DEA'S MOTION TO DISMISS**

Defendant "Amarillo and Washington, D.C. Branches of the DEA," referenced as the Drug Enforcement Administration ("DEA") has moved to dismiss claims against the agency. [ECF 15]. MARVIN L. BISHOP ("Bishop"), acting pro se filed suit pursuant to the Federal Tort Claims Act ("FTCA") for an incident arising out of an automobile accident with an employee of the DEA. Bishop has been granted permission to proceed in forma pauperis. Defendants Keith A. Olsen and Marcia N. Tiersky, employees of the DEA, have filed an answer to this suit and filed a notice of substitution of the United States for their individual appearances in this matter. For the following reasons, the magistrate judge recommends that DEA's motion to dismiss should be GRANTED. Additionally, the Clerk of Court should substitute the United States as the sole remaining defendant in place of Keith A. Olsen and Marcia N. Tiersky on the docket sheet.

I.
JUDICIAL REVIEW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case must be dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." *See Home*

*Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof for a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Here, Bishop asserts this court has jurisdiction over his claims against the DEA.

The Magistrate Judge has reviewed Bishop's pleadings and has viewed the facts alleged by Bishop to determine if this court has jurisdiction over his claims against the DEA as a named party to this suit.

## II.
## THE LAW AND ANALYSIS

The United States and its agencies enjoy sovereign immunity from suit unless Congress has specifically consented to the suit, and the plaintiff bears the burden of showing a waiver of immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a FTCA suit. In a section entitled "United States as defendant," the FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims *against the United States* for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b) (1982) (emphasis added). The Act goes on to state that any other statute authorizing a federal agency to sue and be sued in its own name *does not authorize* an action against the agency that is cognizable under the tort claims provision. Instead, a suit against the United States under the FTCA is the *exclusive* remedy for tort claims arising from the actions of government agencies or employees. 28 U.S.C. § 2679(a) (1982).

In view of this explicit statutory language, the courts have consistently held that an

agency or government employee cannot be sued in their own name under the FTCA. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Thus, an FTCA claim against a federal agency or employee, as opposed to the United States itself, must be dismissed for want of jurisdiction. *Gregory v. Mitchell*, 634 F.2d 199, 204–205 (5th Cir. 1981); *see also Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir.1975). The DEA argues that Bishop's suit against the DEA falls under this prohibition and is jurisdictionally barred.

## III.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Bishop brought this lawsuit pursuant to the FTCA for an accident involving a DEA employee, Keith A. Olsen, and for the subsequent actions of DEA counsel, Marcia A. Tiersky.

2. The DEA, as an agency, is not subject to suit under the FTCA. Only claims against the United States directly are permitted under the FTCA.

3. Bishop's claims against the DEA are jurisdictionally barred.

4. DEA employees, Keith A. Olsen and Marcia A. Tiersky, filed notice of substitution of the United States as the sole defendant in this case, pursuant to the FTCA. [ECF 14]. The Clerk of Court shall conform the docket sheet to reflect this substitution if this Findings, Conclusions and Recommendation is adopted by the district judge.

## IV.
## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the motion to dismiss filed by the DEA be GRANTED. Further, the Magistrate Judge recommends that the Clerk of Court conform the docket sheet to reflect that the United States was substituted as the defendant in place of Keith A. Olsen and Marcia A. Tiersky in this lawsuit.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on June 25, 2019.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\*NOTICE OF RIGHT TO OBJECT\***

Any party may object to this proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).