IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARVIN L. BISHOP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-163-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO GRANT, IN PART, AND DENY, IN PART, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DENY PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT**

**Executive Summary:**

**(1) Defendant's Motion for Summary Judgment is GRANTED, IN PART, resulting in dismissal of Plaintiff's "personal injury" claim (including medical expenses, pain and suffering and punitive damages). No genuine issue of material fact–that the automobile accident was the proximate cause of Plaintiff's injuries and damages– results from the summary judgment evidence; Plaintiff's claim required proper expert evidence. Additionally, Plaintiff is not entitled to punitive damages under the Federal Tort Claims Act ("FTCA").**

**(2) Defendant's Motion for Summary Judgment is DENIED, IN PART, and Plaintiff's "property damages" claim survives past summary judgment.**

**(3) Plaintiff's cross-motion for summary judgment, as to all of his claims, is DENIED. Plaintiff has failed to show no fact issue exists, and he is entitled to judgment as a matter of law, on his claims, including his "property damages" claim. Plaintiff's summary judgment evidence as to property damages creates a material fact question, but does not conclusively establish the amount of damages or entitlement to damages as a matter of law.**

**(4) Based on these findings, the Court makes no determination on attorney's fees or court costs at this stage of the proceedings.**

Marvin L. Bishop ("Plaintiff") filed a Complaint pursuant to the Federal Tort Claims Act, resulting from an automobile accident. (ECF 3). Plaintiff filed an Amended Complaint (ECF 7),

asserting claims under the FTCA[1]. (ECF 17–19). Defendant filed a Motion for Summary Judgment, Brief in Support, and Appendix (ECF 42–44). Plaintiff filed a Cross-Motion for Summary Judgment, also as his Response. (ECF 45). Defendant filed a Response to the Cross-Motion (ECF 46), and Plaintiff filed a Reply (ECF 48). Plaintiff has also filed a Motion to Expedite Summary Judgment (ECF 50).

The undersigned United States Magistrate Judge is of the opinion that Defendant's Motion for Summary Judgment should be GRANTED, IN PART and DENIED, IN PART, and Plaintiff's Cross-Motion for Summary Judgment should be DENIED.

## I.     BACKGROUND

This case involves a negligence claim arising from an automobile accident between Plaintiff and a federal government employee (DEA Agent). On November 27, 2017, Plaintiff attempted to make a left-hand turn at an intersection when a DEA Agent, operating a government vehicle, attempted to pass him on the left, striking his vehicle. (ECF 7 at 2). Plaintiff's vehicle was towed from the scene and stored at a body shop, and he rented another vehicle. *Id*. at 2–18. Plaintiff received chiropractic care and physical therapy following the incident. (ECF 44 at 23).

Plaintiff submitted an administrative claim to the DEA using Standard Form 95. (ECF 7 at 20). His claim was denied. *Id*. Plaintiff has filed this FTCA claim following the denial.

## II.     PLAINTIFF'S CLAIMS

Plaintiff alleges that the negligence of the DEA Agent caused *aggravation* of his pre-existing medical injuries (back pain, headaches, nightmares, and flashbacks.) (ECF 7 at 2).

---

[1] Plaintiff's *pro se* Amended Complaint (ECF 7) named the following defendants: (1) Keith A. Olsen, the Drug Enforcement Agency ("DEA") employee involved in the automobile accident, (2) Marcia N. Tiersky, the Associate Chief Counsel that denied Plaintiff's administrative FTCA claim, and (3) the Amarillo and Washington, D.C. branches of the DEA. These Defendants were all substituted for the United States of America ("USA") pursuant to 28 U.S.C. § 2679(d). (ECF 39).

Although not listed on the cover page of his Complaint, Plaintiff also submitted documentation, attached directly to his Complaint, regarding damage to his vehicle, storage and towing fees, and car rental fees. (ECF 7 at 4–19). Plaintiff also seeks $250,000 in punitive damages. *Id*. at 4.

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. To determine whether there are any genuine issues of material fact, the Court must first ascertain the factual issues that are material under the applicable substantive law. *See id*.; *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076, n.14 (5th Cir. 1994). Next, the Court must review the evidence on those issues, viewing the facts in the light most favorable to the nonmoving party. *Lavespere*, 910 F.2d at 178; *Newell v. Oxford Mgmt. Inc.*, 912 F.2d 793, 795 (5th Cir. 1990) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (internal quotation omitted)); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). However, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16, n.7 (5th Cir.

1992). The Court should not weigh the evidence and determine the truth of the matter in determining whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine dispute for trial exists. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

If "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194. The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). If "the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (internal quotation omitted)). The movant then "must demonstrate the absence of a genuine issue of material fact," but does not have "to negate the elements of the nonmovant's case." *Id*. (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

"If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., L.L.C. v. Maverick Cty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) (citing *Little*, 37 F.3d at 1075).

On the other hand, if the movant meets its burden to show an absence of evidence supporting the nonmovant's case, then the nonmovant must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 324). If the nonmovant cannot provide some evidence to support its claim, summary judgment is appropriate. Fed. R. Civ. P. 56(e); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

## IV.     MERITS

The FTCA is the exclusive remedy for tort claims against the United States or its agencies because it waives the normally applicable sovereign immunity of the United States for the tortious conduct "of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. §§ 1346(b)(1), 2679; *see also Richards v. United States*, 369 U.S. 1, 2–3 (1962). Persons harmed by government employees' conduct may bring an action against the United States under the law of the state where the conduct occurred. 28 U.S.C. § 1346(b)(1); *See Molzof v. United States*, 502 U.S. 301, 305 (1992) ("[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." (citations omitted)). Because Plaintiff claims negligence and neither party disputes that Defendant was acting within the scope of his employment at the time of the accident, the relevant law is Texas negligence law.

To prevail on a claim of negligence under Texas law, a plaintiff must prove four elements by a preponderance of the evidence: (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached that duty; (3) the defendant's breach proximately caused the plaintiff's injury; and (4) damages. *See Gutierrez v. Excel Corp.*, 106 F.3d 683, 687 (5th Cir. 1997) (citation omitted); *see also W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Neither party disputes

that each owed a duty to other drivers. Defendant, for purposes of summary judgment, also didn't dispute that a fact issues exists that Defendant breached that duty. (ECF 43 at 4) ("… Assuming for the sake of argument that [Plaintiff] can show the existence of a duty and a breach of that duty …"). The Court now assesses whether a reasonable jury could find causation–that a breach of that duty proximately caused Plaintiff's claimed injuries–by a preponderance of the evidence presented, viewing that evidence in the light most favorable to Plaintiff.

Texas drivers have a "general duty to exercise ordinary care to avoid a foreseeable risk of harm to others," *Williamson Cty. v. Voss*, 284 S.W.3d 897, 902 (Tex. App.—Austin 2009, no pet.) (citations omitted), which includes the general duty to keep a proper lookout, *See Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.) (citations omitted). Statutes "requir[ing] a driver to proceed safely [also] impose[ ] on the driver a duty of reasonable care." *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.–Houston [1st Dist.] 2009, no pet.) (citations omitted)). When an individual fails to exercise reasonable care or comply with specific rules, that person has breached his or her duty. *Id.* Here, Plaintiff alleges that Defendant breached his duty by attempting to pass Plaintiff's vehicle on the left, when Plaintiff was attempting to make a left-hand turn. (ECF 7 at 21) ("My Auto [sic] was hit by Defendant while half-way [sic] into left turn.").

As Defendant does not challenge duty or breach of duty in the Motion for Summary Judgment, the Court will presume a fact question is presented by Plaintiff on these elements. However, the Court notes that neither party has submitted any evidence on Defendant's breach of duty for summary judgment.

### A. Proximate Cause and Injury/Damages

The next question is whether any breach proximately caused the Plaintiff's alleged injuries.

Under Texas law, proximate cause requires both cause-in-fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992) (citation omitted). Proximate cause is generally a question of fact. But it becomes a question of law when only one reasonable inference may be drawn from the evidence. *See Ryder Integrated Logistics, Inc. v. Fayette Cty*, 453 S.W.3d 922, 929 (Tex. 2015) (citations omitted). The evidence need not be direct; proximate cause may be inferred from the circumstances surrounding an event. *See Havner v. E-Z Mart Stores, Inc.*, 825 S.W.2d 456, 459 (Tex. 1992). Cause-in-fact is established if "the act or omission was a substantial factor in causing the injury without which the harm would not have occurred." *W. Invs.*, 162 S.W.3d at 551 (citation omitted). It does not require that a defendant's act was the sole cause of the plaintiff's injury. *Havner*, 825 S.W.2d at 459 (citation omitted). Foreseeability is judged based on "common experience applied to human conduct," and an injury is foreseeable if it could have reasonably been anticipated. *Doe v. Boys Clubs of Greater Doll., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (quoting *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987)).

Defendant challenges that Plaintiff's alleged injuries were proximately caused by Defendant's breach of the duty of care. (ECF 43 at 3–4). Defendant argues that the medical records produced by Plaintiff during discovery (ECF 44) show Plaintiff's alleged injuries pre-existed the accident; thus, Plaintiff is required to produce expert testimony to establish that an "aggravation" (as alleged) or worsening of his condition(s) was proximately caused by the accident. (ECF 43 at 4–9) ("[D]espite his pre-existing osteoarthritis, thoratic back pain, obesity, headaches, PTSD, and other relevant ailments, [Plaintiff] did not properly designate any experts.").

Defendant further argues that Plaintiff failed to produce "any other evidence" on damages. (ECF 43 at 9). This single paragraph in Defendant's Motion for Summary Judgment apparently challenges Plaintiff's claims for property damages as a result of the accident as well. *Id*. The Court

will address each of Plaintiff's three claims for damages (medical damages/physical injury, property, and punitive) below.

### 1. Need for Expert Testimony on Physical Injury Damages Claim

Plaintiffs generally may prove causation either through lay testimony or through expert testimony. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). Where plaintiffs use lay testimony, the testimony must "establish[ ] a sequence of events which provides a strong, logically traceable connection between the event and the condition [to stand as] sufficient proof of causation." *Id*. This would be the case where "general experience and common sense w[ould] enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Id*. (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)). By contrast, "determin[ing] whether or not an accident[,] ... *as opposed to a pre-existing condition*, caused [alleged damages] would go beyond 'common experience' and would require expert testimony." *Flagship Hotel, Ltd. v. Hayward*, No. 14-05-00830-CV, 2006 WL 3316981, at *4 (Tex. App.—Houston [14th Dist.] Nov. 16, 2006, no pet.) (emphasis added) ("Considering that [plaintiff] suffered from a pre-existing degenerative spinal condition that could have led to the need for surgery, ... the situation was beyond the purview of general experience and common sense."). Thus, "where there is no medical [evidence] linking the alleged negligence to the injury, a claimant must provide probative evidence, *through expert testimony*, connecting the injury to the alleged negligence." *Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1994) (emphasis added).

A court may accept "as undisputed the facts ... listed in support of [a movant's] motion for summary judgment" where it is unopposed. *Eversley v. MBank Dall.*, 843 F.2d 160, 165 (5th Cir. 1991). Here, Plaintiff neither submitted opposing evidence to Defendant's claim that Plaintiff's

injuries existed prior to the accident, nor submitted expert testimony concerning any "aggravation" of these conditions. Plaintiff argues that he properly "designated" experts, sufficient to establish that his physical injuries were aggravated by the accident. (ECF 45-1 at 2). Plaintiff alleges that he provided Defendant the name of the chiropractor he visited following the accident as a part of his disclosures. *Id*.

On January 6, 2020, two months prior to filing a Motion for Summary Judgment, Defendant filed objections to Plaintiff's "disclosure" of expert witnesses. (ECF 41). By this objection, Defendant placed Plaintiff on notice of the deficiency of his expert disclosures. *Id*. Federal Rule of Civil Procedure Rule 26(a)(2)(C) requires any expert disclosure to state the subject matter on which the witness is expected to present evidence, and the summary of the facts and opinions to which the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C). The disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. *Id.*

Here, the only summary judgment evidence provided regarding Plaintiff's physical injuries was provided by the Defendant. *See* ECF 44 at 5–60. The records clearly establish that Plaintiff was suffering from "thoratic back pain" and "anxiety and depressive disorder" prior to the November 27, 2017 accident. *Id*. at 5–26, 38. Just days before the accident, Plaintiff rated his pain, on a scale of 1 to 10, as a 7, and indicated he took four hydrocodone a day to manage his back pain. *Id*. at 8. There are no actual medical records submitted for treatment Plaintiff received following the accident, but Defendant did submit records indicating that Plaintiff saw a chiropractor between December of 2017 and February 2018, following the accident. *Id*. at 27. This information does nothing to indicate any "aggravation" of Plaintiff's condition following the

accident, and Plaintiff cites only to this single page in his Cross-Motion/Response to indicate his claim for physical injury is supported by medical records.

The Court finds the medical records provided by Defendant (ECF 44) clearly indicate that Plaintiff's physical injuries pre-existed the accident. Thus, any aggravation of these conditions must be supported by expert opinions. *Flagship*, 2006 WL 3316981, at *4. Thus, to survive summary judgment, Plaintiff must have properly designated experts to testify, which includes providing their opinions, concerning the proximate cause fact issue. Here, the Court finds that Plaintiff's response that he listed the name of his doctors in his designations does not meet this burden. Plaintiff's response fails in its entirety to show a fact issue exists that his preexisting physical injuries were "aggravated" by the accident.

Because no reasonable juror could find that Defendant's negligence was the proximate cause of Plaintiff's alleged aggravated of pre-existing physical injuries based on the summary judgment evidence (lacking expert support) submitted, Plaintiff has failed to make the requisite showing on a necessary element of his prima facie case. Plaintiff therefore cannot survive summary judgment as to his claims for damages based on any physical injuries. Therefore, the Court recommends summary judgment be granted as to any claim for damages for physical injury.

   2. **Property Damages Claim**

Unlike Plaintiff's physical injury claims, where Defendant has produced evidence that Plaintiff's injuries were pre-existing and thus require expert testimony to establish how injuries were "aggravated" by the accident, Defendant has not produced or alleged that Plaintiff's *property* (i.e. his vehicle) was damaged prior to the accident. Vehicle damages as a result of a traffic accident is inarguably foreseeable. Further, Plaintiff attached evidence directly to his Amended Complaint indicating the damage to his property, resultant storage and towing fees, and fees for renting an

alternate vehicle. (ECF 7 at 4–19).

Although Plaintiff's evidence attached to his Amended Complaint (ECF 7 at 4–19) was perhaps not produced during discovery, Defendant's own evidence indicates that the property damage claims were referenced by Plaintiff in response to Defendant's requests for production (ECF 44 at 70, referencing records from Moss Body Shop). Further, Defendant had access to this evidence in advance of discovery. This evidence indicates that at least some damages were sustained to Plaintiff's property as a result of the accident and that a fact question exists as to the monetary amount of damages. Further, property damages would foreseeably result from the accident and would require no expert testimony to indicate that such damages were proximately caused by the accident.

Defendant's argument that Plaintiff failed to produce any evidence as to these damages sufficient to create a fact question for purposes of summary judgment is unavailing, and the Court recommends that Defendant's Motion for Summary Judgment as to Plaintiff's property damages be denied.

### 3. Punitive Damages

The FTCA does not allow for recovery of punitive damages. *See Molzof v. United States*, 502 U.S. 301, 305 (1992). The FTCA provides in pertinent part as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, *but shall not be liable for* interest prior to judgment *or for punitive damages*.

28 U.S.C. § 2674 (emphasis added).

Here, Plaintiff alleges negligence, not intentional tort conduct or actual malice by Defendant. (ECF 7 at 2). Thus, as generally understood by common-law principles, punitive damages are unavailable for negligence claims, and Plaintiff's claims for such damages may be better

interpreted as claims for compensatory damages for "future" loss of enjoyment of life and future medical expenses. *See Molzof*, 502 U.S. 305–312. Thus, to any extent Plaintiff is seeking actual punitive damages, he cannot recover such damages under the FTCA. To the extent that Plaintiff seeks "compensatory" future loss damages, these damages would relate directly to his claims for physical injury (not property damages); therefore, as discussed above, Plaintiff would be required to produce some summary judgment evidence as to the proximate cause of his physical injuries to be entitled to such damages. The Court recommends that Defendant's Motion for Summary Judgment as to Plaintiff's claims for punitive damages be granted.

### B. Plaintiff's Cross-Motion for Summary Judgment

As outlined above, Plaintiff has failed to create a genuine issue of material fact that he is entitled to any damages for personal injury sustained as a result of the accident. As such, Plaintiff cannot establish that his entitlement to these damages is "beyond peradventure." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). As Plaintiff bears the burden on these claims, he is not entitled to summary judgment on these damages.

As to Plaintiff's claim for property damages, Plaintiff's evidence attached to his Amended Complaint (ECF 7 at 4–19) fails to meet, beyond peradventure, his heavy burden that he is entitled to a specific damage award for property damages. *Id.* However, such evidence does raise a fact question regarding Defendant's liability for these damages. The Court recommends that Plaintiff's Cross-Motion for Summary Judgment be denied.

### V.     RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion for Summary Judgment (ECF 42) filed by Defendant USA be GRANTED, IN PART, and DENIED, IN PART, as outlined herein, and Plaintiff's Cross-Motion

for Summary Judgment should be DENIED. Plaintiff's Motion to Expedite Summary Judgment (ECF 50) should be DENIED, as moot.

## VI.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 13, 2021.

*(signed)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).